**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JESSICA TURNER,** | : | |
| | : | **Case No. 2:26-cv-117** |
| **Plaintiff,** | : | |
| | : | **Judge Algenon L. Marbley** |
| **v.** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **TRANSAMERICA INVESTORS SECURITIES, LLC, *et al.*,** | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

**OPINION & ORDER**

This matter comes before this Court on *pro se* Plaintiff Jessica Turner's Motion to Remand (ECF No. 9) and Motion for Leave to File a Second Amended Complaint. (ECF No. 7). For the following reasons, Plaintiff's Motions are **DENIED**.

## I. BACKGROUND

Plaintiff Turner is a resident of Columbus, Ohio, who sued Defendants Transamerica Investors Securities, LLC, Transamerica Retirement Advisors, LLC, and Pension Design Group, LLC in the Franklin County Court of Common Pleas on December 30, 2025. (*See* ECF No. 1-1). On January 5, 2026, she filed an amended complaint in that state court, bringing two causes of action for wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.* (ECF No. 5 ¶¶ 17–23). She alleges that she requested a hardship distribution from her retirement plan for the purchase of a principal residence, but Defendants denied her request and provided inaccurate information, resulting in her securing real estate financing on worse terms when closing on her residence. (*Id.* ¶¶ 9–16).

On February 2, Defendants Transamerica Investor Securities, LLC and Transamerica Retirement Advisors, LLC removed the case to the U.S. District Court for the Southern District of Ohio pursuant to 28 U.S.C. § 1441(a), asserting that Turner's lawsuit raised a federal question and invoking original jurisdiction under 28 U.S.C. § 1331. (ECF No. 1 at 1). The Transamerica Defendants also explained that Defendant Pension Design Group, LLC was merely a nominal party because it was defunct. (*Id.* at 3; *see* ECF No. 1-3 ¶¶ 1–7).

On February 12, Turner moved for leave to amend her complaint pursuant to Fed. R. Civ. P. 15(a)(2). (ECF No. 7 at 4). She sought to amend Defendant Pension Design Group, LLC's statutory agent, arguing that this defendant was in fact still an active domestic limited liability company, but conceding that she had provided outdated information in the state court action for service of process. She posited that amendment was necessary "to ensure the proper party is before the Court and to correct the record regarding PDG LLC's active status, which is a material fact in determining this Court's jurisdiction and the validity of the 'nominal party' exception claimed by Transamerica." (*Id.* at 5). Her proposed Second Amended Complaint would invoke the Court's 28 U.S.C. § 1331 subject matter jurisdiction over the same two ERISA counts for wrongful denial of benefits and breach of fiduciary duty. (ECF No. 7-1 ¶¶ 1–2, 17–23).

Then, on February 17, Turner submitted a "Notice of Voluntary Dismissal of All Federal Claims and Motion to Remand to State Court." (ECF No. 9). In that motion, Turner attached a "Proposed Revised Second Amended Complaint" that would instead assert three causes of action for breach of contract, negligence, and breach of fiduciary duty under Ohio law, (ECF No. 9-1), in which she purported to remove "any and all claims or references that could be interpreted as arising under [ERISA] or any other federal statute" and asserted that her suit was now purely based on alleged breaches of Ohio law. (ECF No. 9 at 1). Turner argued that the Court now lacked subject

matter jurisdiction and was obligated to remand the case. (*Id.* at 3–4) (citing 28 U.S.C. § 1447(c); *Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22 (2025)).

The Transamerica Defendants responded in opposition to both motions. First, they opposed Turner's Motion for Leave to File a Second Amended Complaint, arguing that Turner's subsequent Motion to Remand, which also sought to amend her pleadings and was filed later in time, mooted this earlier motion. (ECF No. 10 at 2). They also pointed out that Turner had failed to rebut the evidence they offered that Defendant Pension Design Group, LLC was in fact defunct, arguing that it was immaterial whether the Ohio Secretary of State's website listed the organization as active. (*Id.* at 3).

Second, the Transamerica Defendants opposed Turner's attempt to remand the case to state court. They argue that Turner's attempt to voluntarily dismiss her federal claims is improper because it would require leave of the court. (ECF No. 12 at 3–4). They also argue that Turner's "Proposed Revised Second Amended Complaint" would be futile and remand would be improper, because Turner's sought state law claims would be completely preempted under ERISA, and the artful pleading doctrine prevents attempts to circumvent removal jurisdiction by disguising federal law claims as state law claims. (*Id.* at 4–7). They do consent to Turner's request "to substitute Capital Pension Group for the unrelated defunct entity [Defendant Pension Design Group, LLC]." (*Id.* at 4).

In reply, Turner rejects the Transamerica Defendants' preemption argument, contending that it runs contrary to the Supreme Court's decision in *Royal Canin*. (ECF No. 15 at 2–3). Turner again argues that "[b]y filing her Revised Second Amended Complaint, which omits all federal references, [she] has divested this Court of federal question jurisdiction" and thus the case only presents issues of state law. (*Id.* at 3–4).

## II. STANDARD OF REVIEW

When determining whether to remand a case, a court must "determine whether the action was properly removed in the first place." *Roof v. Bel Brands USA, Inc.*, 641 F. App'x 492, 495 (6th Cir. 2016) (citations omitted). A case "brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original jurisdiction includes federal-question jurisdiction and diversity jurisdiction. *Clark v. Pollan*, 2024 WL 4903806, at *2 (6th Cir. Nov. 27, 2024). Federal-question jurisdiction requires a cause of action arising under federal law. 28 U.S.C. § 1331. Diversity jurisdiction requires diversity of parties and a claim for at least one cent more than $75,000. 28 U.S.C. § 1332(a)(1).

## III. LAW & ANALYSIS

As a threshold matter, Turner's Motion to Remand and her Proposed Revised Second Amended Complaint mooted her earlier Motion for Leave to File a Second Amended Complaint and her Proposed Second Amended Complaint. So, the Court will only analyze her Motion to Remand and her Proposed Revised Second Amended Complaint.

Turner's Motion to Remand fails for multiple reasons. First, because she is not amending her complaint as a matter of course, she may only amend her pleadings "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The Transamerica Defendants have not consented to her amendment, and the Court has not granted leave. Turner's Motion for Leave to File a Second Amended Complaint recognizes this rule, (ECF No. 7 at 4), but her Motion to Remand appears to presume that she can, as a matter of right, unilaterally dismiss her federal claims and otherwise tweak her operative pleading, scrub references to federal law, and force her

case out from federal court jurisdiction. (ECF No. 15 at 3–4). She cannot. As the Transamerica Defendants point out, Turner could unilaterally dismiss the entirety of her lawsuit under Rule 41, which permits a plaintiff to "dismiss an action without a court order" under certain circumstances. Fed. R. Civ. P. 41(a)(1). But Turner is not seeking to dismiss her entire action—she is seeking to recast it as a state court case rather than a federal one. Rule 15 prohibits her from doing so under these circumstances, absent consent or leave of the Court, because she has already amended her complaint. And even if she were seeking to sever federal claims from a lawsuit that already had state court claims, the proper procedural vehicle to "sever [a] claim against a party" is Rule 21. Fed. R. Civ. P. 21; *see Murray Energy Corp v. Cassidy, Cogan, Chappel, and Voegelin, L.C.*, 2020 WL 4201666, at *1–2 (S.D. Ohio July 22, 2020) (Sargus, J.) ("The correct procedural vehicle for removing less than all parties or claims from an action is Federal Rule of Civil Procedure 21.").

Thus, the "Proposed Revised Second Amended Complaint" that Turner submits along with her Motion to Remand is just that—a *proposed* complaint. It is not her operative pleading, and her submission of it as an exhibit to her Motion to Remand does not immediately divest the Court of original jurisdiction. The question becomes whether the Court will grant her leave to amend her complaint under Rule 15.

The Court will not grant Turner leave to amend her complaint. Turner fails to grapple with the artful pleading doctrine and preemption, which prohibit her from dressing up ERISA claims as state-law claims to circumvent federal jurisdiction. Although it is true that, as a general matter, "the determination of jurisdiction is based only on the allegations in the plaintiff's 'well-pleaded complaint,'" and "not on any issue the defendant may raise," *Royal Canin*, 604 U.S. at 26, the allegations in Turner's operative complaint (her pleading currently governing this case, and not her various proposed amended pleadings) are grounded in ERISA and thus arise under federal law.

*See id.* Turner cannot "avoid removal jurisdiction by artfully casting [her] essentially federal law claims as state-law claims," *Mikulski v. Centerior Energy Corp.*, 501 F3d 555, 560 (6th Cir. 2007) (quoting *Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 397 n.2 (1981)), and "removal is proper 'when a federal statute wholly displaces the state-law cause of action through complete preemption." *Id.* (quoting *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003)).

Ultimately, the Court need not linger on these issues because Turner's operative pleading raises a federal question and not a state-law claim. *See Rivet v. Regions Bank of La.*, 522 U.S. 470, 475 (1998) (evaluating only the plaintiff's "properly pleaded statement of his or her claim"). Suffice it to say that the Court will not permit Turner to amend her pleadings to introduce state-law claims that would be preempted by ERISA, as ERISA "supersede[s] any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a); *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (State-law causes of action that "duplicate[], supplement[], or supplant[] the ERISA civil enforcement remedy conflict[] with the clear congressional intent to make the ERISA remedy exclusive and [are] therefore pre-empted."); *see also Arora v. Life Ins. Co. of N. Am.*, 2013 WL 12621876, at *1 (E.D. Mich. Aug. 19, 2013) (rejecting plaintiff's attempts to add state-law breach of contract and fraud claims to an ERISA lawsuit). To the extent that Turner rests her remand argument on the Supreme Court's decision in *Royal Canin*, she fails to engage with the facts and reasoning of that case. *Royal Canin* said nothing about the artful pleading doctrine, it was not a case involving preemption, and it does not require the Court to accept Turner's new proposed pleading as her operative pleading under Rule 15.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff Turner's Motion for Leave to File a Second Amended Complaint is **DENIED as MOOT**. Turner's Motion to Remand is **DENIED**. Because the Transamerica Defendants do not oppose Turner's attempt to substitute Capital Pension Group, LLC for Defendant Pension Design Group, LLC, the Court will permit that substitution upon a proper motion.

Turner is **CAUTIONED** that she must provide page numbers on all her future filings. The Court's Local Rules mandate that for "[a]ll pleadings, motions, briefs, and other papers presented to the Clerk for filing," "[e]ach page shall be numbered consecutively." S.D. Ohio Civ. R. 5.1(a). It is her obligation to familiarize herself with the Local Rules, which are available on the Court's website.[1]

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: August 4, 2026**

[1] https://www.ohsd.uscourts.gov/local-rules