**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JESSICA TURNER,**

**Plaintiff,**

**v.**

**Civil Action 2:26-cv-117**
**District Judge Algenon L. Marbley**
**Magistrate Judge Kimberly A. Jolson**

**TRANSAMERICA INVESTORS SECURITIES, et al.,**

**Defendants.**

**OPINION & ORDER**

Before the Court is Defendants' Motion to Stay Discovery. (Doc. 25). For the following reasons, the Motion is **DENIED without prejudice**.

## I. BACKGROUND

Plaintiff first sued Defendants Transamerica Investors Securities, LLC, Transamerica Retirement Advisors, LLC, and Pension Design Group, LLC in the Franklin County Court of Common Pleas on December 30, 2025. (*See* Doc. 1-1). On January 5, 2026, she filed an amended complaint bringing two causes of action for wrongful denial of benefits and breach of fiduciary duty under the Employee Retirement Income Security Act of 1974 ("ERISA"), 25 U.S.C. § 1001 *et seq*. (Doc. 5 ¶¶ 17–23). On February 2, Defendants removed the case to this Court under 28 U.S.C. § 1441(a). (Doc. 1 at 1). They answered Plaintiff's Amended Complaint on March 2, 2026. (Doc. 16).

Then, the parties filed a Joint Rule 26(f) Report, in which Defendants requested a stay of discovery pending resolution of a forthcoming motion to dismiss. (Doc. 22). Based on this representation, the Court ordered Defendants to file a Motion to Stay Discovery. (Doc. 23). On September 8, 2026, they did so. (Doc. 25). The Motion generally cites a forthcoming motion to

dismiss as the primary reason the Court should allow the parties to put off discovery for now. (*Id.*). Plaintiff opposes the request, and this matter is ready for consideration. (Docs. 26, 27).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). Parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery" (quotation marks and citation omitted)).

In "special circumstances," however, a court may find that a discovery stay is appropriate. *Ohio Valley Bank*, 2019 WL 2170681, at *2. A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery proceeds" or where "it appears that the complaint will almost certainly be dismissed." *Shanks*, 2009 WL 2132621, at *1 (citations omitted). Further, in considering a motion to stay discovery, "'a court weighs the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. 2:10-CV-00219, 2010 WL

3719245, at *1 (S.D. Ohio Sept. 16, 2010)). The proponent of the motion "bears the burden of showing the need for the stay and that 'neither the other party nor the public will suffer harm from entry of the order.'" *Pres. Partners, Inc. v. Sawmill Park Props., LLC*, No. 2:22-CV-477, 2023 WL 2943820, at *1 (S.D. Ohio Apr. 14, 2023) (citation omitted).

At bottom, the Court "must tread carefully in granting a stay of proceedings since a party has a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

## III. DISCUSSION

Here, the Court concludes that Defendants fail to justify a discovery stay. Defendants contend that discovery should be stayed because they plan to file a motion to dismiss arguing the Amended Complaint wholly fails to state a claim on which relief can be granted. (Doc. 25). In doing so, Defendants primarily rely on the strength of these forthcoming arguments. (*Id.* at 3–6 (arguing all of Plaintiff's claims can be resolved on purely legal grounds)). As further justification, they submit that Plaintiff will not be prejudiced because no factual information she may glean from discovery would cure the legal defects in Plaintiff's Amended Complaint. (*Id.* at 6). And deferring discovery would impose potentially unnecessary and burdensome discovery expense on Defendants. (*Id.* at 6). Plaintiff counters granting Defendants' motion would reward Defendants for their "broken" administrative systems and is entitled to discovery regarding those systems. (Doc. 27). She further argues that a stay of discovery would prejudice her further by delaying her ability to establish her consequential damages. (*Id.* at 6).

Despite Defendants' efforts to preview their forthcoming Motion to Dismiss briefing, the Court cannot conduct the requisite stay analysis based on a motion not yet before the Court. *See e.g.*, *Ray v. Dir., Ohio Dep't of Health*, No. 2:18-CV-272, 2018 WL 4907080, at *2 (S.D. Ohio

Oct. 10, 2018) ("Defendants' insistence that their Motion to Dismiss is meritorious is likewise insufficient where, as here, the Court cannot conclude that Plaintiffs' claims are frivolous or that it is highly likely that Defendants' Motion to Dismiss will be granted.") (citing cases). Certainly, requiring a party to participate in discovery is sometimes not the best use of resources. Here, however, Defendants' dispositive motion is entirely hypothetical and speculative, as Defendants have yet to file it. *Davis v. Skyline Chili, Inc.*, No. 2:20-CV-1573, 2021 WL 4876277, at *2 (S.D. Ohio Apr. 1, 2021).

Accordingly, Defendants have failed to establish sufficient grounds to support a stay of discovery at this time and should proceed according to the scheduling order below.

## IV. SCHEDULING ORDER

The Court **ADOPTS** the following schedule:

<u>INITIAL DISCLOSURES</u>

The parties shall exchange initial disclosures by October 12, 2026.

<u>VENUE AND JURISDICTION</u>

There are no contested issues related to venue or jurisdiction at this time.

<u>PARTIES AND PLEADINGS</u>

Any motion to amend the pleadings or to join additional parties shall be filed by October 12, 2026.

<u>ISSUES</u>

The operative complaint (Doc. 5) includes counts titled "Wrongful Denial of Benefits (ERISA 502(a)(1)(B))" (Count 1) and "Breach of Fiduciary Duty (ERISA 502(a)(2) or (3))" (Count 2). Plaintiff demanded a jury (but Transamerica disputes Plaintiff's entitlement to a jury trial on these claims). The complaint alleges that Transamerica mishandled Plaintiff's request for a hardship distribution from her employer's retirement plan, resulting in an allegedly delayed distribution of benefits that, in turn, allegedly caused Plaintiff to incur costlier financing for the purchase of residential real estate.

DISCOVERY PROCEDURES

All discovery shall be completed by April 15, 2027. For purposes of complying with this order, all parties shall schedule their discovery in such a way as to require all responses to discovery to be served prior to the cut-off date and shall file any motions relating to discovery within the discovery period unless it is impossible or impractical to do so. If the parties are unable to reach an agreement on any matter related to discovery, they are directed to arrange a conference with the Court. To initiate a telephone conference, counsel are directed to join together on one line and then call the Magistrate Judge's chambers or provide the Court with a call-in number.

DISPOSITIVE MOTIONS

Dispositive motions shall be filed by June 10, 2027.

EXPERT TESTIMONY

Primary expert reports shall be produced by March 1, 2027. Rebuttal expert reports shall be produced by April 1, 2027. If the expert is specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(B), unless otherwise agreed to by the parties. If the expert is not specifically retained, the reports must conform to Fed. R. Civ. P. 26(a)(2)(C), unless otherwise agreed to by the parties. Under Fed. R. Civ. P. 26(b)(4)(A), leave of court is not required to depose a testifying expert.

SETTLEMENT

Plaintiff will make a settlement demand by September 25, 2026. Defendant will respond by October 9, 2026. The parties agree to make a good faith effort to settle this case. The Court refers the case to mediation in May 2027. In order for the conference to be meaningful, the parties agree to complete all discovery that may affect their ability to evaluate this case prior to the settlement conference. The parties understand that they will be expected to comply fully with the settlement order which requires *inter alia* that settlement demands and offers be exchanged prior to the conference and that principals of the parties attend the conference.

## V. CONCLUSION

For the foregoing reasons, Defendants' Motion to Stay Discovery (Doc. 25) is **DENIED without prejudice**.

IT IS SO ORDERED.

Date: September 29, 2026

/s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE